STATE *vs.* WILLIAM G. STALLMAN.

MARCH 16, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a complaint and warrant charging the defendant with violating a specific section in an ordinance of the city of Cranston relating to the licensing of persons removing rubbish and waste material therein. In the superior court defendant pleaded not guilty and, having waived a jury trial, was tried by a justice of that court. He was found guilty as charged and thereafter duly prosecuted his bill of exceptions to this court.

He is now relying upon two exceptions, the first to the denial by the trial justice of a motion made at the conclusion of the evidence that the complaint and warrant be dismissed and defendant be found not guilty, and the second to the decision of the trial justice adjudging defendant guilty on the evidence presented. The material portions of the ordinance allegedly violated are as follows: "Section 1. Section 4 of Chapter 10 of the City Ordinances of 1944 is hereby amended so as to read as follows: Sec. 4.

*License to remove rubbish or waste material.* No person, unless licensed by the Superintendent of Health, shall remove, carry or transport any rubbish or waste material from any premises over, upon or through any street or highway in this City. * * * Each such license when issued shall be for the period ending on the 31st day of May following the date of issuance thereof * * *. No fee shall be charged for such license. This section shall not apply to a house-holder transporting rubbish or waste material gathered on his own premises."

The evidence, which is undisputed, disclosed that defendant lives in the city of Providence; that on the afternoon of January 20, 1950 he was driving a dump truck in a southerly direction on Warwick avenue, a street in the city of Cranston; that he turned into a vacant lot which was private property and had begun to dump the load which was in his truck when he was stopped by a Cranston police officer who compelled him to pick up what he had dumped; and that the policeman asked defendant for his license to remove rubbish or waste material but the latter did not produce any. It appeared in evidence that one had previously been issued to him but that it had expired before the above date. The defendant did not testify, no evidence on his behalf was introduced, and at the conclusion of the state's evidence he rested his case.

In support of his exceptions defendant contends that he was wrongly convicted and that his motion to dismiss should have been granted. He argues that the state failed to prove beyond a reasonable doubt that he was guilty of the offense with which he was charged, in that the state offered no evidence whatever to show that he was not "a house-holder transporting rubbish or waste material gathered on his own premises" as set out in the ordinance. The defendant urges that it was a necessary part of the state's case to show that he did not come under such exception. On the other hand the state argues that the burden, in the first instance, was on the defendant to present evidence

showing that he came within the above exception because it was in the nature of an affirmative defense, and as a consequence of his failure to do so the case against him on the present record was proved beyond a reasonable doubt.

Upon consideration it is our opinion that in the circumstances the position taken by the state is sound. While a defendant never has the burden of proving his innocence, and on the whole case the state always has the burden of establishing his guilt beyond a reasonable doubt, nevertheless after the state has made out a prima facie case the burden of adducing evidence to support an affirmative defense devolves upon him. Especially is this true when as a justification or excuse a defendant is relying on a fact the subject matter whereof lies peculiarly within his knowledge and relates to him personally. 22 C.J.S. Criminal Law §§571, 572, 573; 53 C.J.S. Licenses §71; Underhill Crim. Evid. (4th ed.) §52; 153 A.L.R., 1277. *State of Indiana* v. *O'Dell,* 187 Ind. 84; *Cole* v. *Commonwealth of Virginia,* 169 Va. 868, 879.

In the instant case no question of criminal pleading is involved. The issue raised by defendant relates merely to the question whether in a proceeding of this nature the state or the defendant is required as part of their respective cases to introduce evidence relating to the applicability of the exception contained in the ordinance in question. For that reason G. L. 1938, chap. 625, §5, has no direct application here under the holding of this court in *State* v. *St. Angelo,* 72 R. I. 412, where such section was discussed and held to deal only with matters of criminal pleading.

Whether or not such an exception in a statute or ordinance is part of the offense described therein or is merely an excuse or justification providing an affirmative defense for one charged thereunder has been before this court in several cases. Broadly speaking when a particular statute or exception then under consideration was construed those cases were decided by applying the general principles of law

hereinbefore set out. Without in any manner attempting to refer to all our opinions on this subject it may be noted that in certain cases the court decided that the state, as a necessary part of its case, was called upon to negative the matters set out in the exception. *State* v. *St. Angelo, supra; State* v. *Read,* 12 R. I. 135; *State* v. *O'Donnell,* 10 R. I. 472. The basis for the holding in the above cases was in substance that the exception or proviso, was part of the essential description of the offense, which could not be read without the proviso and hence was a constituent element thereof.

On the other hand in several cases this court has held that it was not necessary for the state in presenting its case to show that the defendant did not come within the exception in the statute or ordinance but that such fact was a matter of defense. *State* v. *Heffernan,* 28 R. I. 477; *State* v. *Flanagan,* 25 R. I. 369;*State* v. *Gallagher,* 20 R. I. 266; *State* v. *Rush,* 13 R. I. 198. These decisions generally rested on the ground that the exception under consideration did not qualify the offense charged and was not part of its description or definition but merely afforded a defense thereto. In the *Gallagher* case, *supra,* the court at page 268 of its opinion, in referring to the exception contained in the statute then under consideration, said: "The words * * * are not so incorporated with the enacting clause that one cannot be read without the other, but they merely constitute grounds of defence peculiarly within the knowledge, and ability to prove, of a defendant, if existing." In that opinion at page 267 this court also approved the law as laid down in the following language in *State* v. *Abbey,* 29 Vt. 60: "A *prima facie* case must be stated; and it is for the other party for whom matter of excuse exists, to bring it forward in his pleading or defense * * * The question is, whether the exception *is so incorporated with, and becomes a part of the enactment, as to constitute a part of the definition or description of the offense* * * *."

As we view the section of the ordinance before us the

complete offense set out therein is in substance that no person unless duly licensed shall remove or transport any rubbish or waste material from any premises upon or through any street or highway in the city of Cranston. In a separate sentence at the end of the section, not in terms connected with the necessary description of the offense, there is the statement that such section shall not apply to a householder transporting rubbish or waste material gathered on his own premises. It is our opinion that in the circumstances such exception forms no part of the essential description or definition of the offense set out in the ordinance; that the present case is therefore governed by the law as laid down in the last group of cases above cited; that the exception merely provides an affirmative defense for the benefit of a defendant charged under the ordinance; and that in the first instance the state is not obligated as part of its case to negative the applicability of the exception, which incidentally relates to the accused personally and lies peculiarly within his own knowledge.

In our judgment the trial justice was not in error in ruling that when the state rested it had made out beyond a reasonable doubt a prima facie case against defendant respecting the offense with which he was charged. He did not meet that case by introducing any evidence tending to show that he came within the above exception contained in the pertinent section of the ordinance. In the circumstances we find that the trial justice correctly adjudged defendant to be guilty.

The defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers,* Attorney General, *John F. O'Connell,* Special Counsel, for State.

*Kirshenbaum & Kirshenbaum,* for defendant.