STATE *vs.* EARL B. BARROWS, JR.

DECEMBER 4, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is a criminal complaint charging the defendant with operating a motor vehicle upon Warwick avenue, a public highway in the city of Warwick, at a speed greater than is reasonable, prudent, and safe under existing conditions. It was tried before a justice of the superior court sitting with a jury and resulted in a verdict of guilty.

152

The case is before this court on the defendant's bill of exceptions.

It appears from the record that defendant filed a plea in abatement to which the state demurred. The trial justice sustained the demurrer and defendant's first exception was to that decision. However, during oral argument before this court he expressly waived this exception.

The testimony of the arresting officer was that he pursued defendant and, from his observation of the speedometer in the police vehicle, determined that defendant was operating his automobile at 65 miles per hour. The defendant objected to the admission of this testimony, contending that it was inadmissible unless evidence as to the accuracy of the said speedometer was first adduced. The trial justice admitted the testimony *de bene,* a practice of doubtful validity in a criminal jury trial.

Another member of the Warwick police department testified that he had recently tested the accuracy of the speedometer in the arresting officer's car by comparing it at various speeds with the readings observed on the speedometer of an accompanying motorcycle. During his testimony this witness clearly disclaimed any expertise in the construction or operation of speedometers, saying in part: "I am not a mechanic. I don't repair speedometers or know anything about speedometers. I know enough to know about motorcycles."

Thereafter defendant renewed his motion to strike the testimony of the arresting officer relating to the speedometer readings of the police car in which he was pursuing defendant. He argued that there was no showing that such speedometer had been calibrated with an instrument the previous accuracy of which had been determined, and that the witness who testified as to the comparison with the motorcycle speedometer was not an expert by his own admission. The trial justice denied the motion to strike and defendant excepted thereto.

As we understand him, defendant is contending in support of such exception that, in cases of this nature, testimony offered in evidence by the prosecution relating to the reading registered on the speedometer of a police vehicle is inadmissible in the absence of testimony as to the accuracy of the instrument so observed by a witness who has been qualified as an expert with respect to such instruments. In this connection defendant directs our attention to State v. Gregoire, 88 R. I. 401, 148 A.2d 751, wherein this court decided that a police officer, who conducted a test for sobriety with a device known as an Alcometer, would not be permitted to testify as to the results of that test in the absence of testimony as to his qualification as an expert in the operation of such a device. In that case, at page 752, we stated: "The general rule is that scientific tests, in order to be admissible as evidence, must have been conducted by one who is expert in the particular branch of science concerned." After considering whether the general rule so stated was applicable in the case of an Alcometer, a device which by means of a breath test and a chemical reaction ascertained the alcoholic content of a suspect's blood, we held that the general rule was applicable.

We are of the opinion that the instant case is entirely different and that the general rule laid down in the Gregoire case should not be applied. The device which is under consideration in this case is not a complicated mechanism which requires extraordinary skill in its operation or an interpretation of the results which it registers by one of exceptional competence. An automobile speedometer is a relatively simple contrivance. By an application of elementary mechanical principles it translates the number of rotations being made by the wheels of a vehicle into a reading on a dial registering the speed thereof. Such reading can be made and understood by anyone of average intelligence. The extent to which these devices are in use today

154

and the reliance placed upon their reasonable accuracy have been recognized. See *People* v. *Tyler,* 109 N.Y.S.2d 756.

It is our opinion that in a prosecution of this kind the testimony as to the speed at which the defendant's automobile was being operated, based on an observation of the speedometer readings in the arresting officer's motor vehicle, is admissible in evidence upon a showing that the operational efficiency of the device has been tested by an appropriate method within a reasonable period of time. The fact that such testimony is offered by one who is not an expert in the construction and maintenance of such devices goes only to the weight to be given the testimony and not to its admissibility.

The defendant took a third exception to the denial by the trial justice of his motion for a new trial. It is clear that this motion was made in reliance upon his contention that the testimony of the arresting officer as to the reading which he observed on the speedometer of the vehicle he was driving was admitted in evidence erroneously. In view of our decision on this question, which was raised by the defendant's second exception, the third exception is without merit.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Alfred E. Motta,* Special Counsel, for State.

*Pontarelli & Berberian, Aram K. Berberian,* for defendant.