STATE *vs.* CLARENCE DEANS.

NOVEMBER 2, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

RoBERTS, J. This is an indictment charging the defendant with violating G. L. 1956, §31-26-1, which provides that the operator of any vehicle involved in an accident resulting in personal injuries or death shall stop and remain at the scene thereof. The case was tried to a jury in the superior court, the defendant was found guilty, and his subsequent motion for a new trial was denied. The defendant prosecuted a bill of exceptions to this court and is pressing

certain of these exceptions which relate to the charge of the trial justice to the jury and to the denial of his motion for a new trial.

There is no substantial dispute concerning the material facts in this case. On the evening of Saturday, May 9, 1959, defendant attended an anniversary party at the home of a friend located a few blocks from the scene of the accident. During the course of the evening, according to testimony adduced in his behalf, he consumed various kinds of alcoholic drinks, becoming progressively incoherent and unsteady on his feet, and finally lost consciousness. He testified that he had no recollection of leaving the party or of anything that happened until he awakened in a cell in a police station on Sunday morning.

Milton Weissman, the only known eyewitness to the occurrence of the accident, testified on behalf of the state that he was employed part time by a brother-in-law who owns and operates a liquor store at the corner of Doyle avenue and Camp street. His testimony which was not contradicted is that about eleven o'clock on that evening he was standing on the corner outside the store when he observed a car approaching along Camp street; that it was "weaving"; and that it came to a stop at a stop sign which controls traffic on Camp street at the intersection of Doyle avenue. He later identified the car as the one involved in the accident and defendant as the operator thereof.

He further testified that the car then proceeded to make a "wide turn" into Doyle avenue and crossed to the left side of that street, mounted the curb, moved along the sidewalk, and ran over the body of a man who had been sitting on the sidewalk with his head resting upon his knees. The car then turned back toward the roadway, dragged the body for a short distance, went down over the curb into the roadway of Doyle avenue, and continued down the hill toward North Main street. When the car was about halfway down

the hill, it drew into the curb on the right-hand side and stopped.

Weissman testified that he shouted to his brother-in-law to call the police and then, entering his pickup truck which was parked nearby, followed defendant's car down the hill and drew alongside it at the place where it had stopped. He then saw defendant, who lowered his head and slumped over the steering wheel. When the police arrived, they went with Weissman to the parked car, but defendant was not there. A few minutes later defendant was found lying on the front seat of another car that was parked about ninety feet uphill from his own car. He was taken therefrom by two police officers, and there is considerable testimony of a somewhat conflicting nature as to the degree of his unsteadiness, incoherence, and stupor at that time.

The offense with which defendant is charged is one in which an essential and constituent element relates to the state of mind of defendant, that is, that he had knowledge of being involved in an accident that resulted in an injury when he failed to stop and return to the scene thereof. The statute prescribing the offense, G. L. 1956, §31-26-1, reads as follows in pertinent part: "The driver of any vehicle knowingly involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to * * * the scene of the accident * * *."

The thrust of the primary defense here raised is directed at the requirement that there be knowledge on the part of the defendant of his involvement in the accident resulting in injury. Substantially most of the evidence adduced by defendant tended to prove that if he were driving the vehicle involved, he was at the time of the accident in such an advanced state of intoxication as to be incapable of knowing and therefore unaware of having been involved in such an accident. The trial justice in his charge directed

the attention of the jury to the nature of this defense and gave instructions thereon, to portions of which defendant took exception.

Four of the five exceptions which defendant presses in this court were taken to portions of the charge in which the trial court instructed the jury concerning the effect of defendant's contention that he, being without knowledge of his involvement in an accident, could not be found guilty of the offense set out in the statute. The defendant, as we understand him, is contending that these instructions constitute reversible error, first, in that the jury was misled and confused with respect to the obligation of the state to prove defendant guilty beyond a reasonable doubt of the offense with which he was charged and, second, in that it was error to instruct the jury that defendant's claim of lack of knowledge of involvement in the accident by reason of intoxication constituted an affirmative defense which defendant was required to prove by a fair preponderance of the evidence.

The first of his contentions, in our opinion, is without merit. It is true, as defendant argues, that in a criminal prosecution the giving of an instruction, the effect of which is to require a defendant to establish in whole or in part his innocence of the offense charged by any degree of evidence, tends to nullify the presumption of innocence to which he is entitled and is thereby prejudicial, reversible error. *State* v. *Blood*, 68 R. I. 160. It does not necessarily follow, however, that such reversible error results when the court in giving an instruction as to the burden of proof, by inadvertence or otherwise, uses phraseology which, when considered in a strict or technical sense, can be construed as giving the jury an instruction contrary to our well-settled rule that the burden of proof is with the prosecution throughout the trial.

When a court has given a jury a reasonably clear and correct instruction that in a criminal case the burden of

proof is on the state and remains with the state throughout the case, the mere addition thereto of a further instruction concerning the placement of the burden of proof in different language does not of necessity result in the jury's being misled or confused. Ordinarily the addition of such a further instruction as to the burden of proof will give rise to prejudicial error only when it constitutes an express instruction that the burden of proof may shift or has shifted to the defendant or where the instruction is such as to reasonably imply that the burden of proof may so shift. When the language of the additional instruction neither expressly nor by reasonable implication states a contrary rule as to the placement of the burden, the mere fact that it is repetitious or duplicitous does not necessarly result in reversible error.

An examination of the charge in the instant case reveals that the trial justice repeatedly instructed the jury in clear and unmistakable terms that the burden of proving defendant guilty of the offense charged in all its essential elements was on the prosecution. The contention of defendant that the jury was misled and confused with respect to the burden of proof is predicated upon the court's reference in the charge to the availability of intoxication as a defense in the circumstances of the case and to the duty of the jury to acquit defendant if it believed his testimony concerning the degree to which he was intoxicated. However, when these portions of the charge are read in the context in which they appear, they clearly do not constitute an express instruction that the burden of proof has shifted or may shift to defendant, nor do they by reasonable implication so instruct the jury.

It is further contended the trial justice erred in instructing the jury that defendant in claiming to be without knowledge of his involvement in the accident was raising an affirmative defense which he was required to prove by a fair preponderance of the evidence. The trial justice did in-

struct the jury that defendant, by asserting his lack of knowledge that he had been involved in the accident, did raise an affirmative defense which it was his duty to prove. Such an instruction, however, is eminently correct as to the placement of the burden of proof when an affirmative defense is in fact raised by a defendant.

However, whether a matter so asserted constitutes an affirmative defense within the purview of this rule is often difficult of ascertainment. In *State* v. *Blood, supra,* at page 164, this court considered a comparative definition of affirmative defenses set out by the Connecticut court in *State* v. *Schweitzer,* 57 Conn. 532. We quoted the following from page 539 thereof with apparent approval: "If the defendant relies upon some distinct substantive ground of defense not necessarily connected with the transaction on which the information is founded, as insanity, or self-defense, or an alibi, or, as in the case at bar, the adultery of the wife, he must prove it as an independent fact."

A perhaps more comprehensive definition of an affirmative defense is to be found in 1 Underhill, Criminal Evidence (5th ed.), §51, p. 85, wherein the text writer said: "But when the defendant pleads any substantive, distinct and independent matter as a defense, either as justification, excuse, or as an exemption from criminal liability, which upon its face does not necessarily constitute an element of the transaction with which he is charged, and which is wholly disconnected from the offense, it has been said that the burden of proving such defense devolves upon him."

A defendant does not of necessity raise an affirmative defense within the purview of these definitions by the mere introduction of evidence of intoxication for the purpose of proving that he lacked knowledge of involvement in an accident. But when a defendant offers evidence to show that by reason of his gross intoxication he could not have possessed such knowledge, he is attempting to establish the absence of an essential element of the offense charged by

extrinsic fact, which in our opinion is in the nature of an affirmative defense. In other words, to prove gross intoxication for the purpose of establishing the nonexistence of the requisite knowledge of having been involved in an accident would warrant a jury in finding that a reasonable doubt existed as to his guilt. To hold that the assertion of such a defense did not require proof thereof by the defendant would be to cast upon the state the burden of proving beyond a reasonable doubt the existence of a fact that does not constitute an element of the crime. To place this burden upon the state in any circumstance would do violence to the well-settled rule that in criminal cases the burden of the state extends no further than to prove beyond a reasonable doubt only the essential constituent elements of the offense charged.

In *State* v. *Stallman,* 78 R. I. 90, this court held that a defendant who sought to prove that he came within the terms of an exception set out in a statute defining a crime was raising a defense which was in the nature of an affirmative defense. We are unable to perceive any sound reason for not taking the same view of evidence offered to establish the existence of some fact which, from its nature, would tend to establish the nonexistence of a constituent element of the crime with which the defendant is charged. We think the instant case is one to which this latter view in justice must be applied. The defendant, in asserting gross intoxication for the purpose of establishing the nonexistence of the requisite knowledge, was asserting a defense in the nature of an affirmative defense, and the burden of proof thereof was on him. For this reason it is our opinion that the instruction in question was not error. All of these exceptions of defendant are overruled.

There remains defendant's exception to the denial of his motion for a new trial. In criminal cases, as in civil cases, it is well settled that when a trial justice in passing upon a motion for a new trial after verdict exercises his independ-

ent judgment in considering the weight of the evidence and the credibility of the witnesses and in so doing neither overlooks any material evidence nor misconceives the law of the case, his decision thereon will be given great weight by this court. *State* v. *McCormick*, 70 R. I. 339, 344.

It appears from his decision that the trial justice in passing on the motion gave thorough consideration to the evidence adduced during the trial and the weight thereof. He reviewed in detail the testimony as to the identity of the defendant as the driver of the car involved and rightly found that this issue depended on the weight to be given to the testimony of the witness Weissman who, he stated, was entirely credible. He therefrom concluded that the findings on this issue was not contrary to the weight of the evidence. On the issue of the defendant's knowledge of involvement in the accident, he extensively reviewed the evidence and concluded that it supported a finding that the defendant had such knowledge despite his testimony as to his intoxication. In thus exercising his independent judgment upon the weight and credibility of the evidence, it does not appear that the trial justice either overlooked any material evidence or misconceived the law of the case. Following our well-settled rule in these circumstances, it not appearing that he was clearly wrong, his decision will not be disturbed by this court.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

FROST, J., did not participate in the decision.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Anthony E. Grilli, Anthony Grilli,* for defendant.