Amherst Municipal Court,
No. 5017.

STATE *v.* ARTHUR LAPALME.

Argued February 6, 1962.

Decided March 22, 1962.

*William Maynard,* Attorney General, and *Irma A. Matthews,* Law Assistant (*Mrs. Matthews* orally), for the State.

*Albert J. Lemieux* for the defendant, furnished no brief.

KENISON, C. J.  The motion of the State to remand the case for the failure of the defendant to file a brief or present an oral argument is directed at a practice which has been occasionally condoned, recently criticized (*State* v. *Hazzard,* decided this day, 104 N. H. 94) and never commended. *Rockingham &c. Co.* v. *Batchelder,* 73 N. H. 607; *Musgrove* v. *Parker,* 84 N. H. 550, 552; *Bell Shops, Inc.* v. *Rosenblatt,* 98 N. H. 162, 163.  In view of the provisions of RSA 490:13 that "no case shall be dismissed for want of a brief" the motion to remand is denied, but as indicated in the *Hazzard* case, *supra,* this is a practice which will be discouraged in the future and if necessary corrected by the court under its power to exercise general superintendence of the judicial process within the state.  RSA 490:4; *State* v. *Murray,* 104 N. H. 38.

The defendant's motion to dismiss on the ground that a State Police officer was permitted to prosecute and also testify as a witness is denied.  This question was decided adversely to the defendant in *State* v. *Urban,* 98 N. H. 346.  Furthermore, the statute under which the defendant was prosecuted specifically provides that it is the duty of " . . . police officers to prosecute violations of the provisions of this chapter."  RSA 575:13.  See also, Third Report N. H. Judicial Council, *pp.* 20-32 (1950).  The prosecution of misdemeanors by police officers is a practice that has

continued in one form or another since 1791 and is still permissible under existing statutes. *State* v. *Urban, supra;* RSA 575:13. See *State* v. *Swift,* 101 N. H. 340.

The defendant's exception pertaining to the validity of the complaint is overruled. *State* v. *Farwell,* 102 N. H. 3, 4. The complaint clearly and sufficiently informs the defendant of the date, place and manner in which he subjected cattle in his custody, control and care to unnecessary torture, suffering and cruelty. The contention that the complaint is vague and insufficient is without merit. N. H. Const., Part I, *Art.* 15th.

The defendant's contention that because he is on bail he is a free man and cannot be required to submit to fingerprinting finds no support in our law. While the defendant is at large on bail he is still constructively in the custody of the law and may be fingerprinted or photographed. 8 Wigmore, Evidence (McNaughton rev. 1961) *s.* 2265(1); RSA ch. 593; 4 Wharton's Criminal Law and Procedure, *s.* 1822 (1957); *Shannon* v. *State,* 207 Ark. 658. The power of a State Police officer to take fingerprints has not been doubtful since Laws 1937, *c.* 134; RSA 106:14; RSA 106-B:13 (supp); Laws 1961, 166:4.

The State's motion to remand is denied; the defendant's exceptions are overruled; and the question transferred without ruling is answered in the affirmative.

*Case discharged.*

All concurred.