Keene District Court
No. 6816

## State of New Hampshire

v.

## Morton Whippie

May 31, 1974

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Bell & Kennedy* and *Arnold R. Falk (Mr. Ernest L. Bell III* orally) for the defendant.

PER CURIAM. The question presented by this case is whether the wearing of a side-arm by a police officer in uniform while prosecuting a misdemeanor case in the district court denies defendant equal protection or due process of law or otherwise prevents a fair trial.

Defendant was charged with driving under the influence of intoxicating liquor in violation of RSA 262-A:62. The State trooper who made the arrest appeared in uniform to prosecute and testify wearing his side-arm in full view. Defendant's motion that the officer be required to remove his side-arm while acting as a prosecuting officer was denied by *Lichman,* J., who transferred defendant's exception.

The prosecution by an arresting officer of misdemeanor cases in our district and municipal courts has been commonplace from early times. *State v. LaPalme,* 104 N.H. 97, 179 A.2d 284 (1962). The practice stems from a lack of

prosecuting attorneys in certain districts. We cannot accept the defendant's contention that the wearing of a side-arm by the officer while in court deprives the defendant of his constitutional rights. His exception is therefore over-ruled.

We agree, however, with both the defendant's counsel and the assistant attorney general in their position express-ed at oral argument that, apart from arming court officers for purposes of security, side-arms have no place in a New Hampshire courtroom — not as a constitutional right of the defendant but as a matter of deference to the court. A courtroom is a place where issues are settled not by a show of force but by quiet consideration of evidence and the application of settled principles and reason. In his court-room, the judge, as the representative of the law and of the judicial branch of our government, is the controlling authority. In our opinion the wearing of side-arms by police officers is a symbolic challenge to that authority and a mark of disrespect for it. Absent special authority from the presiding justice in extraordinary situations no one, other than duly authorized bailiffs, should be armed while appearing in court. RSA 490:4 (Supp. 1973).

*Remanded.*