STATE *vs.* FREDERICK DANIEL ARNOLD.

APRIL 8, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.  This is a criminal complaint charging the defendant with being "a lewd, wanton and lascivious person in speech and behavior in violation of Section 24, chapter 1902 of the Public Laws of 1932 and all acts in amendment thereof and additions thereto."  A jury in the superior court found the defendant guilty, and thereafter his motion for a new trial was denied by the trial justice.  The case is before us upon the defendant's exceptions to that ruling and to certain other rulings by the trial justice.

The state introduced evidence to prove that the defendant, on several different occasions, had acted toward and spoken to a girl of sixteen years in a lustful, wanton and illicit manner, and had also behaved in a filthy and wholly indecent manner with a boy of seventeen years, who was a brother of the girl.  Such evidence was supplemented by testimony

concerning a letter written by the defendant to a young female neighbor, since married, that tended to show the defendant's general lustful desires and designs.

The defendant has brought a bill of seventeen separate exceptions, but only those which are specifically briefed or argued will be considered. All others are deemed to have been waived.

The second exception is to the refusal of the trial justice to dismiss the complaint upon motion of the defendant, which was made before the jury was impaneled and before any evidence was introduced. In support of this exception, the defendant contends that there is no offense under the statute of being "a lewd, wanton and lascivious person" unless such person is also "a common railer and brawler", because the punctuation requires us to construe all of the language between the semicolons as constituting only one entire offense. We cannot agree with this contention or construction.

The complaint was based on certain of the provisions of sec. 24, chap. 1902, P. L. 1932 (now § 24, chap. 610, G. L. 1938), which reads in part: "Every idle person . . .; every common prostitute, drunkard, and night-walker; *every lewd, wanton, or lascivious person, in speech or behavior,* common railer or brawler; every person who shall speak or behave in an obscene or indecent manner in any public place, or within the view of others; . . . shall be imprisoned . . . ." (italics ours)

The legislature apparently intended to set forth in this section a series of "offenses against chastity, morality and decency", which is the title of the chapter. Various offenses are described therein in a series of separate clauses. Unhappily, uniformity in draftsmanship is lacking, in that each of certain clauses comprises a single and entire offense, whereas each of certain others plainly sets out a group of

several offenses which frequently, but not necessarily, are concomitant.

The contention of the defendant, *viz.*, that every clause set out between semicolons must be construed as describing one entire offense, leads to interesting and unusual results. For example, such construction of the clause immediately preceding the one in question, would require us to hold that the offense of "common drunkard" exists only when the common drunkard is also a "common prostitute and night-walker". Surely this was not intended. Yet the defendant argues for that construction and for a similar one with reference to the clause in question in the instant case.

In our opinion, the frame and purpose of the statute, the immediate context, the ordinary meaning of the words used, and the other punctuation lead to the conclusion that the legislature intended to provide, in that clause, for several offenses and not for merely one entire offense; and further that a defendant may be chargeable with being a "lewd, wanton, or lascivious person, in speech or behavior", contrary to that statute, without also being either a common railer or brawler. This construction also accords with the long-established practice under this chapter. The defendant's second exception is, therefore, overruled.

But the defendant also seeks to contend, apparently under the second exception, that, even if the complaint is sufficient as a matter of law, the statute nowhere defines the meaning of a lewd, wanton, or lascivious person, and therefore that the common-law definitions of those terms must prevail. See *State* v. *Colangelo*, 55 R. I. 170 and *State* v. *McMahon*, 49 R. I. 107, 110, in connection with the interpretation of another clause in this section. He then argues that, at common law, such offense must contain the element of publicity or notoriety and that there was no such element here involved. Conceding the first part of this contention, the plain and sufficient answer is that it could not be ma-

terial in any event at this stage of the case before any evidence was introduced. If there was any virtue in the defendant's contention, he could and should have raised the question by a motion to direct a verdict, by a proper request to charge, or by an exception to the charge as given. In the absence of any such motion, request, or exception, this contention cannot be made under his second exception and need not be considered.

The sixth exception, as described in the bill of exceptions, is the only one on page 135 of the transcript and is to the allowance of question 16, which reads: "Q. Can you tell The Court and jury just what was in that letter?" We find no answer to this question in the transcript. Even if we substitute the answer to question 17, which was substantially the same as question 16, the error was harmless, since that answer was: "Parts of it". We therefore find no merit in the sixth exception.

But the defendant also seeks to argue, under this exception, that later testimony of the contents of that letter, as given by the recipient, was prejudicial. This testimony, however, appears in answers to several questions on subsequent pages of the transcript without any objection by the defendant. If the evidence later disclosed, as defendant contends, that the witness was not properly qualified to testify as to the authenticity of the letter or to its contents, he made no motion to strike out any of the testimony previously admitted without objection. Nor did he request the court to charge the jury to disregard such testimony. Further he did not except to the court's charge as it concerned this letter and testimony relating thereto. Under the circumstances, the defendant is not entitled to have this contention considered under his sixth exception.

The fifth, ninth, and sixteenth exceptions are to the refusal of the defendant's proffered testimony concerning his dismissal from his home of the brother of the state's princi-

pal witnesses. This boy did not appear as a witness against the defendant. Moreover, the defendant had the benefit of admitted evidence to the effect that he had dismissed the boy from his home. While bias and animus of the witnesses may be shown, we are of the opinion that the questions covered by these exceptions were not entirely proper for this purpose, and that their exclusion was not prejudicial.

Exceptions tenth to fourteenth, inclusive, have to do with certain alleged conduct of one of the state's chief witnesses in church, school, camp and in public. The questions do not purport to concern the general reputation of the witness for veracity, in order to impeach him or her; but they deal rather with an attempt to impeach, by proof of the commission of specific acts of unruly conduct that were collateral to the main issue. We are of the opinion that no prejudicial error has been shown in the rulings of the trial justice in this regard.

The seventeenth exception was to the refusal of the trial justice to permit the defendant's proffer in evidence of a dictionary for the purpose of defining the words "lewd, wanton, or lascivious". This was the province of the trial justice in his charge to the jury, and it was actually performed without objection by the defendant. No request of the defendant was made for a specific charge in accordance with any advocated meaning of these words. We find no error in this ruling.

The first exception is to the refusal of the trial justice to grant the defendant's motion for a new trial. It is not necessary to discuss the evidence, which we have omitted heretofore because of its nature. Suffice it to say that the evidence was clearly conflicting and the verdict of the jury and ruling of the trial justice on defendant's motion for a new trial depended very greatly upon the credibility of the witnesses. The jury and the trial justice had the advantage of seeing and hearing all of them. Without the oppor-

tunity to see and hear the witnesses, we are unable to say, from the mere consideration of this transcript of evidence, that the trial justice clearly erred in refusing to grant a new trial.

All of the other exceptions are deemed to be waived, and all the exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Louis V. Jackvony,* Attorney General, *James O. Watts,* Asst. Attorney General, for State.

*Edward M. Sullivan,* for defendant.