**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald H. STERKEL, Defendant-Appellant.
No. 693–69.**

United States Court of Appeals,
Tenth Circuit.

Sept. 8, 1970.

Rehearing Denied Oct. 14, 1970.

Leonard W. D. Campbell, Asst. U. S., Atty. (James L. Treece, U. S. Atty., with him on the brief) for plaintiff-appellee.

John D. Ward, Denver, Colo., for defendant-appellant.

Before BREITENSTEIN, HILL, and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendant-appellant Sterkel and three others were convicted by a jury of violating 18 U.S.C. § 371 by conspiring to sell and deliver a depressant or stimulant drug in violation of 21 U.S.C. § 331(q) (2).

The district court denied Sterkel's motion to dismiss the information. The argument is that it did not allege sufficient facts to constitute a crime. An information charging a conspiracy is sufficient if it follows the statutory language and contains an adequate statement of an overt act to effectuate the object of the conspiracy. See Madsen v. United States, 10 Cir., 165 F.2d 507, 510. The requisite overt acts need not be criminal in themselves. See e. g., Jordan v. United States, 10 Cir., 370 F. 2d 126, 128, cert. denied 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 595. Here, the statutory language is used; the allegations of overt acts are adequate to inform the defendants of the nature of the charge; and the information, together

with the record and judgment of conviction, is sufficient to protect against the possibility of double jeopardy. See Russell v. United States, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 8 L.Ed.2d 240, and Flores v. United States, 10 Cir., 338 F.2d 966.

Sterkel claims that he should have been granted a severance. In a motion filed prior to trial he said that co-defendants had made statements which would be used against him. Apparently on the assurance of the government that no such statements would be used, the trial court denied the motion. No statements were used and none of the defendants testified.

The prosecution evidence showed that a federal narcotics agent had arranged with defendant Sterkel and co-defendants Leese and Ice for the delivery and sale of LSD. Sterkel and Ice took the agent to the apartment of Linda Little, with whom Betz was living. Betz came to the door. They were admitted and there was some conversation. The agent testified that he could see Betz hand Sterkel a plastic bag containing blue tablets. Sterkel turned and held out the bag to the agent, who arrested him.

 After the government had rested, co-defendant Betz called Linda Little as a witness. An oral motion for severance was made on the ground that Linda was an alter ego for Betz and that her testimony would be detrimental to Sterkel. The motion was denied.

Linda testified that on the day before the arrests Sterkel brought to the apartment two plastic bags containing pills similar to those introduced in evidence. Sterkel spent the night with her and Betz. After the agent came to the apartment on the next evening, she, Betz, and Sterkel were in the bedroom. Betz told Sterkel that the agent was a "nark," handed Sterkel the "bag of acid," and said, "Okay, Don [Sterkel], it is your acid. You do what you want with it." No objection was made to this testimony and there was no motion to strike it. At the close of all of the evidence, Sterkel moved for a mistrial because of the receipt of Linda's testimony after his motions for a severance had been denied.

The charge was conspiracy to deliver and sell LSD. Although the statement of Betz showed disapproval of the sale to the agent, it was pertinent to a combined activity for the disposal of the drug. It would have been admissible against Sterkel if he had been tried alone. See Mares v. United States, 10 Cir., 383 F.2d 805, 809–810. In the circumstances presented, the motions for severance and mistrial were properly denied.

 The last contention concerns the testimony of the chemist who identified the pills as containing LSD. In one test he used standard reference LSD which he had verified two or three years previously and which had been stored to prevent deterioration. In our opinion the objections go only to the weight to be given the testimony of the chemist and do not affect its admissibility.

Affirmed.