**292 A.2d 882.**

STATE *vs.* EDWARD R. NERNEY.

JULY 12, 1972.

KELLEHER, J. The defendant stands charged with aiding and assisting in the recording of a bet on a game of skill (baseball)—a violation of G. L. 1956, §11-19-14. This appeal has been initiated by the state. It is before us on its exception to the granting by a justice of the Superior Court

of the defendant's pretrial motion to suppress certain evidence obtained as the result of a search warrant issued by a justice of the then Sixth District Court.

The single issue to be resolved is whether the affidavit presented by the police in support of their request for the search warrant complies with the basic requirements for the issuance of such a document as they are set forth by the Supreme Court in *Aguilar* v. *Texas,* 378 U. S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and later reaffirmed in *Spinelli* v. *United States,* 393 U. S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

*Aguilar* stands for the proposition that the probable cause, which must be shown before a magistrate can issue a search warrant, may be present when the information which provides the basis for the warrant comes from an unidentified informer provided there is a showing of the underlying circumstances both of the informer's conclusion that the law is being violated and the officer's conclusion that his informant is reliable.

Before looking at the affidavit in the case at bar and testing it in the light of *Aguilar,* it must be kept in mind that while a showing of probable cause is a prerequisite to the issuance of a search warrant, there is a significant difference between the quantum of proof necessary to establish guilt and the degree of proof necessary to establish the probable cause which justifies the issuance of a search warrant. It is well established that an affidavit offered in support of a search warrant should not be judged as if it had been drafted by one schooled in the niceties of the law nor should it be interpreted in a hypertechnical manner. All that is required for the issuance of a search warrant is that a common-sense evaluation of the entire affidavit, together with the reasonable inferences which can be drawn therefrom,

leads to the conclusion that there is probable cause to search the premises described in the affidavit.[1]

Examining the affidavit before us in the light of these rules, we conclude that it satisfies the rule in *Aguilar*. We will summarize the facts stated in the affidavit but not necessarily in the same order as they appear therein.

The affidavit was executed on August 9, 1968, by Detective Chester H. Rich, a member of the "C" Squad of the Providence Police Department. On August 2, 1968, he was told by a reliable informer that Nerney was booking bets by telephone in a third-floor tenement located at 28 Meader Street in Providence. The informer said that the telephone number at this location was 521-9285 and that, by calling this number, he had placed several bets with Nerney.

Detective Rich checked Polk's 1967 Providence City Directory. It listed Nerney as residing at the 28 Meader Street address. The officer's further investigation disclosed that while there was a telephone located at that address and listed in Nerney's name, it had a nonpublished number.

On August 8, 1968, the informer came to the office of the "C" Squad where the detective, who was listening on an extension, watched the informer dial 521-9285 four times. The first three times the informer received a busy signal. On the fourth try, the officer heard the informant place a bet with the person who answered the phone.

The Superior Court justice faulted the affidavit because he said it failed to show the grounds upon which the in-

---

[1]Most of the principles referred to in this paragraph have been dwelt upon at length in *State* v. *Cannon,* 110 R. I. 246, 292 A.2d 219 (1972). In *Cannon,* we reversed the suppression of evidence by the Superior Court and pointed out the *sine qua non* of an informer's reliability is not to be determined solely on the basis that his information has led to the conviction of an accused. There are many factors, we said, which have no relevance to the informer's veracity and reliability but which will bar a conviction.

former knew that 521-9285 was the number of the phone listed in Nerney's third-floor tenement. In reaching this observation, the trial justice apparently overlooked the fact that the informer was one of Nerney's clientele. We are not naive. The bookmaking industry looks upon Alexander Graham Bell's invention as one of the greatest scientific advances to come on the scene since man first discovered the wheel. As far as we know, today's bookie does not hold open house and invite his customers to come to his base of operations and there inspect the various tools of his trade. No, in this day and age, most negotiations between the bettor and his bookie are done by telephone. While a bookmaker's telephone number may not be available to the general public, we are confident it is available to his betting constituency. It is also reasonable to infer that the bettor knows the site where his bookie is carrying on business.

The rule in *Aguilar* was promulgated because the affiant in that case failed to set out the sources by which his informant came to the conclusion that the accused was engaged in criminal activity. Here, Detective Rich's affidavit satisfies both facets of the *Aguilar* rule. The underlying circumstances of the informer's conclusion of Nerney's illicit activities are the several times he placed bets with defendant prior to August 2, 1968. Evidence of the informer's reliability consists of the accuracy of his previous information which led to an earlier conviction plus the fact that on August 8, 1968, in the presence and hearing of the officer, a bet was placed by the informer and accepted by someone who answered at 521-9285.

Having in mind the issue is probable cause and not guilt, we believe that the reasonable inferences drawn from a practical appraisal of the information contained in Detective Rich's affidavit justified the issuance of the search warrant by the District Court judge.

The state's exception is sustained and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Bourcier & Bordieri, Paul J. Bordieri,* for defendant.