354 A.2d 115.

## STATE vs. ANDREW SAWYERS.

APRIL 2, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

JOSLIN, J. Andrew Sawyers, together with two codefendants, was convicted of robbery by a jury in the Superior Court. Sawyers was the only defendant to appeal and his claim for reversal and a new trial stems primarily from

comments made by the prosecutor during his closing argument to the jury.

The facts concerning the alleged robbery are irrelevant to the issues on appeal and, therefore, need not be recounted. Instead our only concern is with the use of defendant's criminal record at the trial. That record was first disclosed during cross-examination when he admitted to a prior conviction. Promptly on receipt of that testimony, the trial justice interrupted the proceedings and instructed the jury that they could consider this evidence only as it related to defendant's credibility, that it did not necessarily mean that he was a "criminal" or guilty of the robbery charge and that it had "* * * no bearing on whether or not he [was] guilty of a crime for which he [was] presently charged."

The defendant neither questions the admissibility of this evidence nor argues that the instructions given by the trial justice fall short of the requirement of *State* v. *Lombardi,* 113 R. I. 206, 319 A.2d 346 (1974), which permits such evidence provided its introduction is promptly followed by directing the jury that "* * * its admission is for the sole purpose of impeaching credibility and is otherwise without probative value." *Id.* at 209, 319 A.2d at 347.

What defendant does question is the manner in which the prosecutor referred to that prior conviction in his closing argument to the jury when he said:

> "Sawyers and Studman, they tell us that they're players. And that's not a term I'm familiar with. But as I understand it, according to Mr. Sawyers it's something like a pimp. And a pimp is a man who runs a stable of prostitutes. And I asked him how they got their money. In effect, he said, 'Well, I embezzle it. I con it. You know, I talk to people, and they give it to me, my ladies, and so forth.' Well, no matter what you may think about that way of living, that's

no reason to find that man guilty; but it does reflect on his credibility. It does reflect on his proclivity to tell the truth. Is that the kind of person that you are willing to believe? Now, he has a criminal record. He admitted to that. No secret about that. And again, he has paid his debt to society. *Doesn't that show a proclivity, also? Doesn't that show a tendency to behave in a certain way? Can you believe him?"* (Emphasis added.)

Defense counsel immediately objected, stating that he had no complaint with what had been argued, but that he found fault only with "the last four words," and his sole request was that the jury be instructed to "disregard the last four words." Thereupon, the trial justice, after observing that he understood the prosecutor's argument to pertain only to credibility and that he had already instructed the jury to that effect and would again in his charge, complied with defendant's request and directed the jury to disregard the last four words.[1]

---

[1]The colloquy between court and counsel at this stage of the proceedings was as follows:

"Mr. Kelley: I'd like to make an objection.

"The Court: He's discussing the credibility of the witness, and he has a right to discuss a witness' credibility. I told the jury that a prior conviction may be considered by them in assessing the credibility of that particular witness.

"Mr. Kelley: I don't object to what he's argued, only the last four words, 'tendency to behave in a certain way.'

"Mr. Read: I meant to limit that merely to credibility. I didn't mean it to be taken any other way.

"Mr. Kelley: May the jury be told to disregard the last four words, your Honor?

"The Court: Certainly what we're discussing here simply, if I understand Mr. Read's argument, is that this affects that particular witness' credibility. I forget now the question we're speaking about. But in either case I've already instructed you in that regard, and I'll instruct you again when I get to my instructions.

"Mr. Read: Just so there's no doubt, I did not mean—

"Mr. Kelley: Your Honor, just the last four words I want to disregard.

"The Court: You may disregard the last four words."

Now, on appeal, defendant expressly contends that use of the words "proclivity" and "tendency to behave in a certain way" in effect constituted a subtle attempt by the prosecutor to utilize the evidence of defendant's earlier offense in order to convey to the jury the idea that he was guilty of the robbery charge. He further argues that the instruction to the jury to disregard "the last four words" was insufficient to remedy the prejudicial effect of the prosecutor's comments, first, because the trial justice failed to specify to which four words he was referring, and, second, because he also neglected at that point to remind the jury not to use defendant's criminal record substantively.

An initial obstacle standing in the way of that contention is, of course, the rule that preservation of this kind of issue for appellate review demands a request for an appropriate cautionary instruction unless to do so would be futile or unless the challenged remarks are so prejudicial that even a cautionary instruction would be incapable of neutralizing their adverse effect. *State* v. *Mancino*, 115 R. I. 54, 60-61, 340 A.2d 128, 133 (1975); *State* v. *Pailin*, 114 R. I. 725, 728, 339 A.2d 253, 255 (1975); *State* v. *Plante*, 111 R. I. 386, 390-91, 302 A.2d 804, 807 (1973); *State* v. *Mancini*, 108 R. I. 261, 273, 274 A.2d 742, 748 (1971). In an attempt to circumvent that obstacle defendant asserts that he did not request a further or more detailed cautionary instruction because he relied on the trial justice's assurance that the subject would be fairly covered in his charge to the jury and on the further assumption that the charge would include an express warning that evidence of his criminal record was available to the jury solely on the question of his credibility and not as proof of his guilt.

Even our acquiescence in defendant's somewhat labored explanation for his failure to comply with the requisite

procedures does not carry with it automatic entitlement to a new trial. For it to have that effect would necessarily require that we answer affirmatively the root question of whether the prosecutorial comments were reasonably construable by the jury as a suggestion that they use defendant's prior criminal record as evidence of his guilt and not merely as an indicator of his credibility. But a phrase like "tendency to behave in a certain way," while it may appear to suggest one meaning when read in isolation, often takes on an entirely different one when considered, as it must be, in the context in which it appears and in the light of the attendant circumstances. *State v. Bowden*, 113 R. I. 649, 654, 324 A.2d 631, 635 (1974); *State v. Peters*, 82 R. I. 292, 296, 107 A.2d 428, 430 (1954). Moreover, that meaning is found not in how we read the questioned comments from the printed page, but in how a jury composed of ordinarily intelligent lay persons understood it as they listened to the closing argument. *See State v. Reid*, 101 R. I. 363, 366, 223 A.2d 444, 446 (1966).

Judged by those standards the jurors, in evaluating what the prosecutor had said, must have been mindful of the cautionary instruction they had received when the evidence was introduced. So too they must also have been aware that the prosecutor had surrounded the allegedly offensive comments with numerous references to credibility, believability and truthfulness and that the trial justice, in responding to the defense objections to those comments, had indicated his belief that they referred only to the witness' credibility.

In sum, we are reasonably satisfied that the challenged comments thus viewed could not reasonably have been construed by a jury of ordinarily intelligent lay persons as indicative of an attempt by the prosecutor to persuade them that defendant was guilty of the offense charged because he had in the past committed another crime.

Moreover, any prejudice which might arguably have lingered in the jury's mind should have been dispelled when the trial justice charged that the credibility of the witnesses was for them to decide and that a prior criminal record did not require a witness to be disbelieved if in their judgment he had told the truth.[2]

We also disagree with the defendant's further contention that the charge to the jury was insufficient because it referred only to how the jury might use the evidence of his prior conviction on the credibility issue and failed to advise that it was not probative of his guilt or innocence. It is, of course, true that in this state admission of evidence of a prior conviction must be accompanied by an instruction touching both the credibility and the probative effect issues. *State* v. *Lombardi, supra* at 209, 319 A.2d at 347; *Mercurio* v. *Fascitelli,* 107 R. I. 511, 517, 268 A.2d 427, 430-31 (1970). But here, as we have already indicated, the jury were so instructed when the defendant's prior criminal record was first received in evidence. Granted that in his final charge to the jury, the trial justice referred to the issue of credibility without specifically reminding the jury that this was the sole purpose for which they might consider the defendant's prior criminal record. Nothing in the cases cited by the defendant, however, re-

---

[2]The pertinent language in that charge is:

"Again, the credibility of a witness may also be attacked, that is, he may be impeached, by introducing evidence that he has been convicted of or sentenced for any crime. Evidence of a witness' past criminal conduct may be considered by you with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness. The fact that a witness has been shown to have a criminal record or to have made a prior inconsistent statement does not make it mandatory that you disbelieve his testimony. Since you are the sole judges of the facts, you are entitled to believe his testimony, notwithstanding the introduction of evidence tending to impeach him if, in the light of all the evidence and the facts which in your judgment have been proved, you believe he is telling the truth."

quires that the cautionary instruction given on the admission of such evidence be repeated in its entirety when the case is submitted to the jury. Certainly, a trial justice may so charge the jury, but we see no reason why, except in an unusual circumstance, he must. This conclusion is supported by *State* v. *Harris,* 106 R. I. 643, 262 A.2d 374 (1970), where we construed the challenged portion of a charge treating the impeaching of a witness by evidence of his prior inconsistent statements in conjunction with the cautionary instruction given at the time that evidence was admitted, and we concluded that, so read, the charge would have neither confused nor misled reasonable men. *Id.* at 650, 262 A.2d at 378. When we read the charge in this case in conjunction with the cautionary instruction given by the trial justice at the time of the admission of the evidence of the defendant's prior conviction, we reach the same conclusion.

The defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed and the case is remitted to the Superior Court.

*Julius C. Michaelson,* Attorney General, *J.J.B. Wigglesworth,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Paul E. Kelley,* Asst. Public Defender, for defendant.