STATE

v.

Marcus A. ANIL.

No. 79–162–C.A.

Supreme Court of Rhode Island.

July 29, 1980.

Dennis J. Roberts, II, Atty. Gen., Forrest L. Avila, Sp. Asst. Atty. Gen., for plaintiff.

Mann & Roney, Robert B. Mann, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a criminal appeal by the defendant from a judgment of conviction for the unlawful possession of cocaine with intent to deliver in violation of G.L.1956 (1968 Reenactment) § 21–28–4.01(A)(2)(a) and the unlawful delivery of cocaine in violation of G.L.1956 (1968 Reenactment) § 21–28–4.01(A)(2)(a), as enacted by P.L.1974, ch. 183, § 2.

Marcus Anil and Antonio Rodriguez were arraigned on a six-count information alleging conspiracy and various narcotic offenses. Prior to trial both defendants filed motions to suppress evidence that was the fruit of a search conducted pursuant to an invalid search warrant. After a hearing the trial justice granted the motion to suppress and dismissed counts 4, 5, and 6 against both defendants. The state then proceeded to trial on the remaining counts.

At the completion of the state's case, the trial justice granted Rodriguez's motion for a judgment of acquittal on counts 1, 2, and 3 and defendant Anil's motion for a judgment of acquittal on count 1, the conspiracy count. Rodriguez was discharged, and the case against Anil on the remaining two counts was submitted to the jury. They returned guilty verdicts on both counts. The trial justice then sentenced defendant to concurrent terms of ten years imprisonment in the Adult Correctional Institutions (ACI) and ordered three years to be served with seven years suspended and seven years probation to commence upon release from confinement.

The state's case depended primarily upon the testimony of one witness, Norman Phelps, an agent of the Division of Drug Control. The record discloses the following facts. In the company of an informer known to defendant as Bobby Porter, Agent Phelps on the evening of October 24, 1975, visited the apartment of Marcus Anil at Friendship Street, Providence. On this occasion Phelps attempted to purchase cocaine from defendant Anil. Throughout this meeting Porter did not participate in any manner, however, he was present at all times except in one brief instance when he visited the bathroom. No sale or delivery of cocaine took place at this meeting.

At 9 p. m. on October 28, 1975, Agent Phelps went alone to Anil's Friendship Street apartment. After briefly negotiating terms for a sale of cocaine, he left the apartment, and defendant followed. Once inside their respective automobiles, the two men drove to 3 Parkis Avenue in Providence. The sale of cocaine took place in a

basement apartment at that address. Agent Phelps gave defendant $1,700 in unmarked bills, and in exchange, Anil gave Agent Phelps a quantity of a substance that was later determined to be cocaine.

In Anil's defense Antonio Rodriguez took the stand, and defendant also testified in his own behalf. Both recalled a meeting at defendant's apartment sometime in October 1975, at which Agent Phelps came to the apartment with a person whom they knew as Bobby Porter. They averred that Porter was there for the sole purpose of giving Anil a haircut.

Anil also testified that he knew the informant by name and physical appearance. Both defendant and Rodriguez categorically denied that a sale of cocaine took place at that or any other meeting.

In his appeal defendant raises several issues; we shall consider each in turn.

## I

Anil first urges us to find error in the trial court's refusal to disclose the identity of the state's informant. We find this contention is unsupported.

Before trial defendant filed a motion asking the state to furnish him with the identity of the informant, but the state did not comply. In the trial court Anil claimed that he had a constitutional right to this information because the informant's testimony might have impeached the key government witness, because the informant might have possessed exculpatory evidence, and because the informant was, in any event, a material witness to the alleged crimes. The prosecution argued that the informant's identity was irrelevant because he was not an active participant in the transaction. In denying the defendant's motion, the trial justice held that the person whose identity defendant sought to know was not "in the true sense of the word a confidential informant" and that he was not a material witness.

## A

■ The defendant concedes that the so-called informant was not a "confidential informant" as the term is usually understood because the "informant" was known to defendant and Rodriguez. Accordingly, even if we assumed for the sake of argument that the informant was a material witness who defendant should have been able to call, we would nevertheless conclude that the trial court's action was harmless error since from the record it is clear that defendant knew the identity of the informer at all times before and during the trial. *See, e. g., Smith v. United States,* 273 F.2d 462, 465–66 (10th Cir. 1959), *cert. denied,* 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729 (1960); *Sorrentino v. United States,* 163 F.2d 627, 630 (9th Cir. 1947); *State v. Roddy,* R.I., 401 A.2d 23, 36–38 (1979). Disclosure of his name and whereabouts, therefore, would not have provided defendant with information he did not already know. *Cf. Roviaro v. United States,* 353 U.S. 53, 60 n.8, 77 S.Ct. 623, 627–28 n.8, 1 L.Ed.2d 639, 695 n.8 (1957) (unclear from record whether identity of informer was known to defendant; Court unable to say that failure to disclose was harmless error).

■ In any event, we conclude that the alleged confidential informant was not a material witness. We recognize that the state must, in order to protect the public interest in effective law enforcement, be able to withhold the identity of persons who furnish information of criminal activity to law enforcement agents and, further, that the scope of this privilege is not absolute. *Roviaro v. United States,* 353 U.S. at 59–60, 77 S.Ct. at 628–29, 1 L.Ed.2d at 644–45. One exception to the rule of nondisclosure applies either when an informer actively participates in setting up the crime and is present at its commission, or when the informer actually takes part in the crime. *Id.* at 64–65, 77 S.Ct. at 629–30, 1 L.Ed.2d at 647; *Portomene v. United States,* 221 F.2d 582 (5th Cir. 1955); *United States v. Conforti,* 200 F.2d 365 (7th Cir.), *cert. denied,* 345 U.S. 925, 73 S.Ct. 782, 97 L.Ed. 1356 (1953); *Sorrentino v. United States,* 163 F.2d 627 (9th Cir. 1947). Under these circumstances a defendant has a right to know

the identity of an informant whose testimony would be relevant and helpful to the defendant. *Roviaro v. United States*, 353 U.S. at 60–61, 77 S.Ct. at 628, 1 L.Ed.2d at 645.

Explaining how the judiciary should approach the resolution of this issue, the *Roviaro* Court held that

"no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62, 77 S.Ct. at 628, 1 L.Ed.2d at 645.

In the instant case an examination of the record clearly discloses that the so-called informant participated only in the first meeting. It is undisputed that no crime occurred at the first meeting. According to evidence adduced at trial, the alleged informer merely introduced Agent Phelps to Anil. He was not present at the time of the sale that occurred several days after the introduction. Furthermore, nothing in the record suggests to us that the supposed informer possessed exculpatory information that would have been helpful to defendant. At most he could have testified to wholly tangential matters that were of little relevance to the charges under trial.

■ In situations like the one before us, where the informant merely brings the defendant together with the authorities and takes no active role in the commission of the crimes charged, no disclosure of his identity is required because his testimony could only be peripheral. *United States v. Toombs*, 497 F.2d 88, 93 (5th Cir. 1974); *United States v. Clark*, 482 F.2d 103, 104 (5th Cir. 1973); *see United States v. Herrera*, 455 F.2d 157, 158 (5th Cir. 1973); *United States v. Mendoza*, 433 F.2d 891, 894 (5th Cir. 1970); *Churder v. United States*, 387 F.2d 825, 831–32 (8th Cir. 1968); *State v.*

*Milligan*, 71 N.J. 373, 383, 365 A.2d 914, 923 (1976). Accordingly the court was correct in denying defendant's request before trial and during cross-examination of government witnesses for disclosure of the identity of the so-called informer.

**B**

■ The defendant further argues that the denial of his motion to disclose impinged upon his right to compulsory process to obtain witnesses. He relies on *State v. Lerner*, 112 R.I. 62, 308 A.2d 324 (1973), in which we held that "art. I, sec. 10, [of the Rhode Island constitution] secures to a defendant the opportunity to conduct an adequate pretrial investigation designed to assist in the preparation of a defense and to that end be permitted to interview or interrogate a consenting witness held in the custody of the state." *Id.* at 76, 308 A.2d at 335. The simple answer to this contention is that, unlike the witness in *Lerner*, the witness Anil sought to question was not in the custody of the state. Moreover, the record is devoid of any evidence of defendant's efforts to secure Porter as a witness or of Anil's inability to obtain him as a witness due to the state's withholding of information regarding his whereabouts. Finally there is no evidence showing how Porter's testimony could have been relevant to the issue of defendant's guilt or innocence. *See In re Ouimette*, 115 R.I. 169, 342 A.2d 250 (1975). Consistently with our rule in *Lerner*, we therefore affirm the trial justice's ruling denying the request for disclosure.

**II**

■ The defendant next argues that in considering his motion for a new trial, the trial justice did not comply with the requirements of *State v. Tate*, 109 R.I. 586, 288 A.2d 494 (1972). In *Tate*, this court held that on a motion for a new trial, the trial justice must exercise his independent judgment, must weigh the evidence must pass upon the credibility of the witnesses, and must give reasons for his conclusions. *Id.* at 589, 288 A.2d at 496. We also stated

that the form of his decision need not be lengthy, that his analysis of the evidence need not be exhaustive, and that his review of the testimony need not refer to each witness as "credible" or "incredible." *Id.* at 588–89, 288 A.2d at 496.

We are of the opinion that the trial justice ruled on defendant's motion for a new trial in compliance with the *Tate* standard. The trial justice commented that "after reviewing the evidence myself, after passing upon the credibility of those who testified, after weighing the evidence, I am satisfied that the ends of justice were served." The record demonstrates that the trial justice considered all the evidence and testimony. Thus, he complied with the standards governing the resolution of a motion for a new trial.

The evidence adduced at trial was conflicting. The state's witness testified to a sale of cocaine that defense witnesses denied had ever occurred. The issue before the court on the motion was solely a question of the credibility of contradicting witnesses. Realizing this, the trial justice recited many of the facts and, in his analysis of the evidence, clearly indicated that he believed the state's witnesses. He thus intimated that he disbelieved defendant and his witnesses. *State v. Tate,* 109 R.I. at 590, 288 A.2d at 497; *State v. Correia,* 106 R.I. 655, 664, 262 A.2d 619, 624 (1970). We find no error in the trial court's decision on this motion.

### III

The defendant complains in his third assignment of error that the trial justice denied him the opportunity to show bias on the part of the police by refusing to allow him to submit evidence that he had been involved in an accident involving the Providence police department, which accident resulted in his bringing suit against the city of Providence.

 Although defendant had a right to show bias, *State v. Arnold,* 64 R.I. 355, 361, 12 A.2d 401, 404 (1940), it is nevertheless the duty of the trial justice to determine what evidence is relevant to material

issues in the trial. His decision will not be disturbed unless an abuse of discretion has occurred. *See Soucy v. Martin,* R.I., 402 A.2d 1167, 1170 (1979); *Bookbinder v. Rotondo,* 109 R.I. 346, 357, 285 A.2d 387, 393 (1972). In reading the record we are left with the opinion that the trial justice sufficiently allowed defendant to probe the issue of bias. Anil revealed on direct examination that he had been involved in an automobile accident, had brought suit against the government as a result, and had settled the case for $5,000. Moreover, over the state's objection, defendant was allowed to tell the jury that the other car involved in the collision was the property of the Providence police department. In view of the evidence that the trial justice allowed on the collateral issue of the bias of the government's witnesses, we believe that the trial justice was merely excluding redundant testimony. His limitation of evidence on this issue, therefore, was not an abuse of discretion.

### IV

The defendant next claims that prejudice was injected into his trial when, in cross-examining one of defendant's witnesses, the prosecutor asked, "Do you know what perjury is, Mr. Rodriguez?" Anil contends that the prosecutor was insinuating that the witness was a liar. The defendant objected to the question, and the trial justice sustained his objection, whereupon defendant moved to pass the case. The trial justice denied this motion. The defendant now urges us to find that the ruling was erroneous because the question was so prejudicial to his case that he was deprived of a fair trial.

 It is well established that a decision on a motion to pass a case and declare a mistrial lies within the sound direction of the trial justice. *State v. Hoyle,* R.I., 404 A.2d 69, 70 (1979); *State v. Marrapese,* 116 R.I. 1, 7, 351 A.2d 95, 98 (1976); *State v. Pailin,* 114 R.I. 725, 729, 339 A.2d 253, 255 (1975). When a defendant complains of allegedly prejudicial comments or remarks, the trial justice must assess the potential

prejudicial impact of the challenged material. "If the prejudice is inexpiable, the motion to pass should be granted. If the prejudice can be cured, the instructions which follow must be timely and effective." *State v. Marrapese,* 116 R.I. at 7, 351 A.2d at 98.

Normally, to preserve this issue on appeal, the defendant at trial must have made a request for appropriate instructions. *State v. Pugliese,* 117 R.I. 21, 25, 362 A.2d 124, 126 (1976); *State v. Sawyers,* 116 R.I. 230, 233, 354 A.2d 115, 116 (1976). We shall dispense with this requirement, however, whenever a request for instructions would have been futile or any attempt to palliate the prejudice would have been ineffective. *State v. Pailin,* 114 R.I. at 728, 339 A.2d at 255; *State v. Plante,* 111 R.I. 386, 391, 302 A.2d 804, 807 (1973). On review, we shall consider *ad hoc* the prejudicial effect of challenged remarks in light of the context in which they were uttered. *State v. Donato,* R.I., 414 A.2d 797, 805 (1980); *State v. Hoyle,* 404 A.2d at 70–71. In situations like the case *sub judice,* where defendant made no timely request for instructions, we shall order a new trial only when we feel that the improper material was so indelibly etched in the jurors' minds that it "could have either distracted the jurors' attention from, or influenced their decision on, the ultimate issue of guilt or innocence." *State v. Pailin,* 114 R.I. at 730, 339 A.2d at 256; *accord, State v. Pugliese,* 117 R.I. at 26, 362 A.2d at 126; *State v. Bowden,* 113 R.I. 649, 657, 324 A.2d 631, 637 (1974).

A look at the record discloses that once the prosecutor posed the question to the defense witness Rodriguez, defendant objected, and the court sustained the objection. Thereafter, however, defendant did not request a cautionary instruction. None was given. We are of the opinion that although this remark was an overzealous attempt to impugn the witness's veracity, it was not so prejudicial that it improperly contributed to the jury's determination of guilt. *See State v. Plante,* 111 R.I. 386, 391, 302 A.2d 804, 807 (1973) (prosecutor's reference to defense witness as a "liar" not

so prejudicial as to deny defendant a fair trial). The issue in contention at the time—whether Anil had left the apartment during the first meeting—bore only a tangential relationship to the ultimate question in the trial. Thus, any prejudice inherent in the remarks could have been effectively neutralized by timely requested cautionary instructions. Since defendant did not ask for cautionary instructions, he waived his right to them; and we shall not entertain on appeal the claim that because no instructions were given, he was denied a fair trial. *State v. Pailin,* 114 R.I. at 728, 339 A.2d at 255; *State v. Costa,* 111 R.I. 602, 611, 306 A.2d 36, 40 (1973) (dictum).

### IV

The defendant next argues that because the toxicologist's report, which alleged that the narcotic substance that defendant sold was cocaine, was predicated on testing that compared the substance that defendant sold to the agent with a substance in the laboratory alleged to be cocaine but not proven to be, the conclusion that the substance in the laboratory was cocaine was therefore predicated on hearsay. Accordingly, defendant submits that the trial justice erred in allowing the toxicologist's report to be admitted as an exhibit.

As a general rule, the admissibility of expert testimony lies within the sound discretion of the trial justice, and the exercise of such discretion will not be disturbed on review unless there is an abuse of such discretion. *State v. Arpin,* R.I., 410 A.2d 1340, 1353 (1980). If the opinion of the expert is relevant, then the grounds on which he bases his opinion are also relevant. *State v. Nagle,* 25 R.I. 105, 113, 54 A. 1063, 1066 (1903).

The toxicologist testified that the cocaine samples used in the test came from a reputable source. He stated that "[T]he tests performed on this cocaine, our standard cocaine, agreed with all the tests that we ran and that have been run by other chemists—forensic chemists, scientists, in the field of forensic toxicology throughout the world

that I know of. * * * I am fully satisfied that the material in that small bottle is cocaine."

The defendant has not contested, either at trial or on appeal, the qualifications of the toxicologist; he concedes that the witness was expert in his field. On examination of the expert's testimony concerning the tests he made to determine the nature of the substance that was alleged to have been purchased from defendant, we are convinced that there was an adequate foundation for the admission of the report. *See United States v. Sterkel*, 430 F.2d 1262 (10th Cir. 1970); *Ritchie v. State*, 164 Tex.Cr. 38, 296 S.W.2d 551 (1956). We find no merit in defendant's assertions or any reason to fault the trial justice's admission of the report.

## VI

We turn then to Anil's last exception challenging his conviction on two counts of (1) possession of cocaine with intent to deliver and (2) unlawful delivery of cocaine. Prior to trial defendant moved to dismiss the possession-with-intent-to-deliver count on the ground that it merged with count 2, the delivery count. The court denied defendant's motion.

Anil has renewed this argument on appeal. The state in response argues that defendant has waived the right to pursue this issue on appeal because of his failure to ask the court to instruct the jury that they could find him guilty of one of the charges but not of both. Notwithstanding, defendant claims that the convictions on both counts placed him twice in jeopardy for the same incident in violation of the Fifth and Fourteenth Amendments of the United States Constitution and art. I, sec. 7 of the Rhode Island constitution.

In Rhode Island the test that controls our determination of this type of claim is found in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Since

1971[1] we have consistently followed this "same evidence" test:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. at 182, 76 L.Ed. at 309.

In *State v. Davis*, R.I., 384 A.2d 1061, 1064 (1978), we further explained how this test is to be applied:

"The test centers on the elements of the two crimes with the goal of ascertaining whether each crime charged, notwithstanding a possible factual overlap, requires proof of an element that the other does not. *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293–94 n. 17, 43 L.Ed.2d 616, 627 n. 17 (1975). Thus, if each crime requires proof of an additional fact, neither an acquittal nor a conviction of one crime immunizes an accused from prosecution and punishment for the other. If, however, the same evidence suffices to establish both crimes, a defendant may not be prosecuted a second time nor be twice punished."

Turning to the case before us, in which defendant was convicted of both possession of cocaine with intent to deliver and delivery of cocaine, we conclude that on the facts of the case proof of the delivery charge required an additional fact—delivery—which proof of the possession charge did not. However, proof of possession with intent to deliver required proof of no additional fact that was not an essential fact of proof of delivery. In other words, only one of these offenses required proof of an additional fact; all of the elements of one offense (possession with intent to deliver) were present in the other (delivery). Accordingly the offenses must merge under the double-jeopardy clause. *Slye v. State*, 42 Md.App. 520, 524–25, 401 A.2d 195, 198 (1979); *Newton v. State*, 280 Md. 260, 264, 373 A.2d 262, 265–66 (1977).

---

1. *State v. Grullon*, 117 R.I. 682, 686, 371 A.2d 265, 267 (1977); *State v. Boudreau*, 113 R.I. 497, 503 322 A.2d 626, 629 (1974); *State v. ex rel. Scott v. Berberian*, 109 R.I. 309, 316, 284 A.2d 590, 594 (1971).

We conclude that defendant could have been convicted of either possession with intent to deliver or delivery—but not of both. *See, e. g., United States v. Gomez,* 593 F.2d 210, 214–15 (3d Cir.), *cert. denied,* 441 U.S. 948, 99 S.Ct. 2172, 60 L.Ed.2d 1052 (1979); *United States v. Hernandez,* 591 F.2d 1019, 1021–22, (5th Cir. 1979); *United States v. Oropeza,* 564 F.2d 316, 324 (9th Cir. 1977), *cert. denied,* 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978); *State v. Ballinger,* 110 Ariz. 422, 425, 520 P.2d 294, 297 (1974); *Estevez v. State,* 130 Ga.App. 215, 216–17, 202 S.E.2d 686, 687 (1973), *aff'd* 232 Ga. 316, 320, 206 S.E.2d 475, 479 (1974); *State v. Thornton,* 224 Kan. 127, 130, 577 P.2d 1190, 1192–93 (1978). *But see State v. Milligan,* 71 N.J. 373, 394–95, 365 A.2d 914, 926 (1976).

■ Having concluded that the imposition of more than one sentence in this case was improper, we next determine what relief is proper. Anil received concurrent ten-year sentences for both offenses. Consistently with the procedure we followed in *State v. Boudreau,* 113 R.I. 497, 504–05, 322 A.2d 626, 630 (1974), we shall order reversal of the defendant's conviction on the possession-with-intent-to-deliver charge and affirm his conviction on the delivery charge. Thus, the aggregate of the years he must serve will remain the same.

The defendant's appeal as it relates to the conviction for delivery is denied and dismissed, and the judgment of conviction is affirmed. Insofar as his appeal relates to the possession-with-intent-to-deliver conviction, it is sustained. The cause is remanded to the Superior Court with the direction to vacate the conviction for possession with intent to deliver.