STATE

v.

Anthony L. RICCIO.

No. 87–288–C.A.

Supreme Court of Rhode Island.

Dec. 23, 1988.

James E. O'Neil, Atty. Gen., Annie Goldberg and Jeffrey J. Greer, Asst. Attys. Gen., for plaintiff.

Stephen J. Fortunato, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This case comes before this court pursuant to an appeal by the defendant, Anthony L. Riccio (Riccio), from a Superior Court conviction for violations of the Uniform Controlled Substances Act, G.L.1956 (1982 Reenactment) § 21–28–1.01 (the act). The charges included possession with intent to deliver cocaine and possession of cannibis (marijuana) and diazepam (Valium). The defendant appeals from the trial justice's denial of the motions to suppress and/or disclose evidence.

The facts relevant to defendant's appeal follow. Detective Thomas Kurowski of the Warwick police department received information from a confidential informant that defendant was selling cocaine from his apartment at 55 Masthead Drive, Warwick, Rhode Island. Although the informant stated that most of the transactions occurred on Friday and Saturday evenings, he declared that defendant conducted business nightly.

The police had found this confidential informant to be reliable on a previous occasion. Specifically, this informant furnished information leading to the arrest and conviction of an individual for a narcotics offense. Because of the proven reliability of this informant, the Warwick police department's narcotics unit began random nightly surveillance of defendant's residence. During this investigation, the officers noted a heavy amount of vehicular traffic in Riccio's parking area. According to the officers, the operators of these motor vehicles would enter the apartment complex and return to the parking area a short time later. In addition the officers observed that vehicles would often exit the parking area immediately when Riccio's automobiles were not present.

The frequent and suspicious automobile traffic led the officers to conceal themselves within defendant's apartment complex on July 22, 1986. The officers observed vehicles driving into the parking lot and persons ringing the automatic-buzzer system to enter the building. After entering, the individuals would knock softly three times on Riccio's door, and defendant would allow the visitors to enter.

Thereafter, Detective Kurowski directed the confidential informant to visit Riccio's apartment. Following this meeting, the informant apprised Kurowski that drug-related conversations had taken place, that a large quantity of the controlled substance cocaine was present, and that Riccio and the informant had agreed to a sale at a later time. Particularly the informant relayed that defendant had advised him there would be no problem purchasing the drug from him tomorrow.

Relying upon the information provided in Detective Kurowski's affidavit, a Superior Court justice issued a search warrant of Riccio's premises. On July 25, 1986, Detective Kurowski and other members of the narcotics unit executed the search warrant. The officers arrested defendant and two visitors, Edward Aspirino and Raymond Riccio. The police had seen Raymond Riccio visiting defendant's apartment on numerous occasions. The police's search revealed $10,000 in United States currency, 60.5 grams of cocaine, 1.25 ounces of marijuana, and 38 Valium tablets.

At his arraignment on February 25, 1987, defendant filed motions to suppress and exclude the evidence seized and requested disclosure of the confidential informant's name. At the hearing on these motions the trial justice ruled against disclosing the identity of Detective Kurowski's informant. The justice found it unnecessary to reveal the informant's identity in order to assess the believability of the affiant, Kurowski. The trial justice also concluded that the informant was both credible and reliable and that probable cause existed to issue a search warrant. Therefore, the motion for disclosure and the motion to suppress were denied.

Following a nonjury trial, defendant was convicted and sentenced under the act to fifteen years, five to serve for possession of cocaine with intent to deliver and one year to serve concurrently for possession of diazepam. In addition, defendant was

fined $5,000 for possession of marijuana. This appeal followed.

The defendant objects to rulings made by the trial justice. First, defendant contends, the trial justice erred in finding that probable cause existed to issue a search warrant. The defendant's second assertion is that the justice's denial of the motion for disclosure violates his Sixth Amendment right of confrontation. The defendant also claims that the confidential informant attained the status of a state actor upon entering Riccio's apartment, therefore depriving defendant of his Fourth Amendment constitutional rights. This court affirms the conviction and will dispose of the appeal on defendant's first two contentions.

We shall first address whether the trial justice erred in finding probable cause for the issuance of a search warrant. The defendant contends that his motion to suppress should have been granted because the facts provided in the affidavit were insufficient for the justice to determine independently whether the informant was credible or his information reliable. The defendant argues that the search of his apartment was based on a constitutionally defective warrant that violated the Fourth Amendment to the United States Constitution and article 1, section 6, of the Rhode Island Constitution.

The Fourth Amendment forbids the issuance of a search warrant except upon probable cause. The search warrant must be supported by oath or affirmation and particularly describe the place to be searched and the persons or things to be seized. These proscriptions are enforceable against the states through the Fourteenth Amendment. *Ker v. California,* 374 U.S. 23, 33, 88 S.Ct. 1623, 1630, 10 L.Ed.2d 726, 738 (1963).

The United States Supreme Court enunciated guidelines to determine whether a search warrant should issue based upon information supplied to police by a confidential informant. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), as interpreted in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637 (1969). The Court in *Aguilar* required that the magistrate be informed of "some of the underlying circumstances" to show that an informant has a basis of knowledge and that the informant was credible and his information reliable. *Aguilar,* 378 U.S. at 114, 84 S.Ct. at 1514, 12 L.Ed.2d at 729. Information previously provided by an informant that led to the arrest and conviction of an individual may be considered in assessing a confidential informant's credibility. *McCray v. Illinois,* 386 U.S. 300, 303–04, 87 S.Ct. 1056, 1058–59, 18 L.Ed.2d 62, 66–67 (1967). Expounding upon *Aguilar,* the Court in *Spinelli* further found that information inadequate under *Aguilar* standards may be admitted if independently corroborated. *Spinelli,* 393 U.S. at 413, 89 S.Ct. at 587, 21 L.Ed.2d at 642.

The most recent Supreme Court pronouncement of probable cause is found in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In that decision the Court suggested a "totality of the circumstances" approach, finding that a rigid application of the standards set forth in *Aguilar* and *Spinelli* is unnecessary to find that probable cause exists. 462 U.S. at 230–31, 103 S.Ct. at 2328, 76 L.Ed.2d at 543–44. Although *Gates* relaxed the criteria pronounced earlier, the Court mandated that a confidential informant's "veracity," "reliability," and "basis of knowledge" remain highly relevant factors in determining probable cause. *Id.* The Court noted that these factors "should be understood simply as closely intertwined issues that may usefully illuminate the common sense practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Id.*

Rhode Island precedent carries forth these principles. In *State v. Ricci* this court stated that the *Gates* decision does not require us to abandon *Aguilar* and *Spinelli* principles. *State v. Ricci,* 472 A.2d 291, 295 (R.I.1984). The standards in *Aguilar* were not " 'inflexible, independent requirements' " but guidelines and have never been rigidly applied by this court. *Id.* The probable cause determination is instead based upon " 'factual and practical

considerations of everyday life on which reasonable and prudent men, not legal technicians act.' " *Id.* at 296. Following *Ricci*, we again stated that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts." *State v. Brennan*, 526 A.2d 483, 485 (R.I.1987) (quoting *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)); *see also State v. Pacheco*, 481 A.2d 1009, 1022 (R.I.1984) (must view facts and circumstances cumulatively in making probable cause determination). This court therefore tests the affidavit in this case by *Aguilar–Spinelli* principles and the standards noted above. *Ricci*, 472 A.2d at 296 (discussing *State v. Cannon*, 110 R.I. 246, 250, 292 A.2d 219, 221–22 (1972)). We also make our determination with the knowledge that the degree of proof necessary to find probable cause to issue a search warrant is significantly less than that level of proof required to establish guilt. *State v. Nerney*, 110 R.I. 364, 365–66, 292 A.2d 882, 883 (1972). Finally we note that in reviewing evidentiary rulings, this court must give great weight to the trial justice's determination. *State v. Collins*, 543 A.2d 641, 651 (R.I.1988); *State v. Beaumier*, 480 A.2d 1367, 1375 (R.I.1984).

■ The affidavit in the present case reveals that the confidential informant was not unknown. In addition the affidavit asserts that the informant had furnished information in the past leading to the arrest and conviction of an individual for a narcotics offense. The credibility of the informant was supported by an independent police investigation that corroborated the informant's account, and the record shows that the informant's statements were substantiated by his visit to defendant's apartment. Therefore, we conclude that the affidavit, viewed with all the circumstances, established probable cause for the issuance of a search warrant.

■ Next we shall consider defendant's assertion that the trial justice should have disclosed the identity of the confidential informant. It is well established that a warrant may issue on hearsay received through an informant rather than through direct observation of an affiant. *Jones v. United States*, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697, 707 (1960). In reviewing probable cause decisions involving confidential informants, the Supreme Court has been unwilling to impose an absolute rule requiring disclosure of an informant's identity. *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 628–29, 1 L.Ed.2d 639, 646 (1957). The Court instead has repeatedly held that federal officers need not disclose an informant's identity for a search warrant to issue. *McCray*, 386 U.S. at 311, 87 S.Ct. at 1062, 18 L.Ed.2d at 70–71. In fact the Court noted that withholding of identification of a confidential informant alone is not sufficient grounds to grant a motion to suppress. *Rugendorf v. United States*, 376 U.S. 528, 533, 84 S.Ct. 825, 828, 11 L.Ed.2d 887, 892 (1964).

We discussed the nondisclosure of a confidential informant in *State v. Anil*, 417 A.2d 1367 (R.I.1980). Generally we found that the identity of an informant should be withheld to promote effective law enforcement. *Id.* at 1370. An exception, however, to the rule of nondisclosure applies when an informant actively engages in "setting up the crime and is present at its commission or when the informant actually takes part in the crime." *State v. Lanigan*, 528 A.2d 310, 316 (R.I.1987) (citing *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)).

■ We agree with the trial justice that the officer-affiant properly relied upon credible information supplied by a reliable informant. Applying the above standard to this case, we find that the confidential informant did not participate in any aspect of the crime. We also decide that the affiant's credibility is consistent with the information in the affidavit and with this court's finding that disclosure of an informer's identity is unnecessary to issue a search warrant. Therefore, the trial justice correctly refused to reveal the confidential informant's identity.

For the stated reasons the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed, and the

papers of the case are remanded to the Superior Court.